IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMPLETE GENOMICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 19-970-MN |
| | ) | |
| v. | ) | |
| | ) | Judge: Hon. Maryellen Noreika |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| ILLUMINA, INC. and ILLUMINA | ) | |
| CAMBRIDGE LTD., | ) | |
| | ) | |
| Counterclaim-Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMPLETE GENOMICS, INC., | ) | |
| BGI AMERICAS CORP., and | ) | |
| MGI AMERICAS INC., | ) | |
| Counterclaim-Defendants. | | |

## **STIPULATED PROTECTIVE ORDER**

## I.     PURPOSES AND LIMITATIONS

Plaintiff/Counterclaim-Defendant Complete Genomics, Inc. and counterclaim-defendants BGI Americas Corp. and MGI Americas Inc. on the one hand (collectively, "Plaintiff/Counterclaim-Defendants"), and defendant Illumina, Inc. and counterclaim-plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. on the other hand (collectively, "Defendant/Counterclaim-Plaintiffs") (collectively, Plaintiff/Counterclaim-Defendants and Defendant/Counterclaim-Plaintiffs may be referred to as the "Parties") assert that they may possess confidential information in the form of trade secrets or other confidential business, personal and/or technical information related to the subject matter of this Litigation, as well as information that constitutes "protected health information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this Litigation.  In addition, the Parties contemplate that non-parties may produce confidential information.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 17.3, below, that this Order does not entitle them to file confidential information under seal in any manner other than that mandated by Local Rule of Practice and Procedure 5.1.3.

## II.     DEFINITIONS

2.1.     *Challenging Party*: The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

1

2.2.     *Confidential Information*: The term "CONFIDENTIAL INFORMATION" shall mean information or material that a designating party believes, in good faith, embodies, contains, reflects, or refers to confidential information or material that is used by the Designating Party in, or pertaining to, its business, which information or material is not generally or publicly known and which the designating party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive or private information or material.

2.3.     *Counsel (without qualifier)*: The term "Counsel" shall mean Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.     *Designating Party*:  The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", "CONFIDENTIAL INFORMATION", or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5.     *Discovery Material*:  The term "Discovery Material" shall mean any document, material, item, testimony, information, or thing filed with or presented to the Court or produced, disclosed, served, or generated in connection with the discovery process or Federal Rule 26(a) disclosures in this Litigation, including without limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; expert reports; subpoenas; declarations; affidavits; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, presentation by parties or counsel to or in court, designations, and portions thereof.

2.6.     *Highly Confidential – Source Code*: The term "HIGHLY CONFIDENTIAL – SOURCE CODE" shall mean information or material that a designating party believes, in good faith, embodies, contains, reflects, or refers to Source Code.

2

2.7.     *House Counsel*: The term "House Counsel" shall mean attorneys who are employees of a party to this Litigation.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8.     *Litigation*:  The term "Litigation" shall mean the above-captioned case (No. 1:19-CV-970-MN) in the United States District Court for the District of Delaware, including any appeals therefrom.

2.9.     *Non-Party:* The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Litigation.

2.10.    *Outside Attorneys' Eyes Only Information*:    The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall mean "confidential information" (i) of a commercially sensitive nature such as a trade secret that a designating party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties or select employees or agents of the Receiving Party, including, but not limited to, unpublished pending domestic or foreign patent applications; non-public financial, marketing, strategic, organizational, operational or competitive information; and highly sensitive technical information relating to the design, development, research, testing and production of products, or (ii) that a designating party believes, in good faith, embodies, contains, or reflects "protected health information" under HIPAA; for purposes of this Order, "protected health information" comprises the identifiers set forth in 45 C.F.R. § 164.514(b)(2)(i).

2.11.    *Outside Counsel of Record*:  The term "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12.    *Party*:  The term "Party" shall mean any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.     *Producing Party*:   The term "Producing Party" shall mean any Party to this Litigation or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery in connection with this Litigation.

2.14.     *Professional Vendors*.   The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.     *Protected Material*:   The term "Protected Material" shall mean and refer to all information and material subject to this Order that constitutes or contains a trade secret or other confidential research, development, or commercial information, including but not limited to non-public technical, business, or financial information, marketing plans, customer lists, vendor lists and proposals, pricing and cost data, business plans, user information, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same.   "Protected Material" includes "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and "HIGHLY CONFIDENTIAL – SOURCE CODE" as those terms are defined above.   The scope of this Order shall be understood to encompass not only Protected Material which is expressly designated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE," but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

2.16.     *Receiving Party*:   The term "Receiving Party" shall mean any Party to this Litigation that receives Discovery Material from a Producing Party.

2.17.     *Source Code:*   The term "Source Code" shall mean extremely sensitive "Confidential Information" representing computer code and associated comments and revision

histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms and structure of software or hardware designs, as well as bioinformatics algorithms or similar information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

## III.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.   Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.   Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.   DESIGNATING PROTECTED MATERIAL

5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the entire transcript will be treated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and the Designating Party has up to thirty (30) days from the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to thirty (30) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment of Protective Order" (EXHIBIT A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a thirty (30) day period for designation shall be treated during that period as if it had been designated "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "OUTSIDE HIGHLY ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  An inadvertent failure to designate qualified information or items is subject to the further provisions in Section 15 below.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.     <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.     <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging or objecting to the amount of source code requested be produced (as detailed in Section 7 below) and describing the basis for the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality or objection to the amount of source code requested be produced is being made in accordance with this specific paragraph of the Protective Order.   The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper or the amount of source code requested be produced is excessive and must give the Designating Party an opportunity to review the designated material or the amount of source code requested to be produced, to reconsider the circumstances, and, if no change in designation is offered or amount of source code requested is reduced, to explain the basis for the chosen designation or amount of source code requested.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

Judicial Intervention.   If the Parties cannot resolve a designation challenge without court intervention, the Party seeking judicial intervention shall utilize the procedures set forth in Section 8(g) of the Scheduling Order (D.I. 21).   All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII.        SOURCE CODE

7.1.        Introduction.   To the extent production of source code becomes necessary in this case, including but not limited to the information described in Section 2.17, a Producing Party may designate such source code as "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.2.        Protections.   Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" information, including the Prosecution Bar set forth in Section 11, and may be disclosed only to the individuals to whom "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" may be disclosed.

7.3.        Procedure For Review of Source Code.   Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's Outside Counsel of Record or another mutually agreed upon location.   The source code shall be made available for inspection on a secured computer with printing capability in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code or sequence information onto any recordable media or recordable device.   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code or sequence information review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code or sequence information.

7.4.      <u>Conduct of Review of Source Code</u>.   During the inspection, the Receiving Party may print portions of the source code.   The Receiving Party may then request paper copies of limited portions of source that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in Section 7.3 in the first instance.   The Producing Party shall provide the limited portions of source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."   The Producing Party may challenge the amount of source code or sequence information requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6, whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of resolving the dispute.   Any such information at issue in the dispute will not be produced until the dispute is resolved.

7.5.      <u>Review of Any Printed Source Code</u>.   The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.   The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.   The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format except for use in expert reports or written discovery.   To the extent it is necessary to reference SOURCE CODE in an expert report, written discovery or submission to the court, any excerpts of the SOURCE CODE must be limited to the minimum amount necessary to support the topic being addressed, but in no event may a SOURCE CODE excerpt exceed 25 lines of contiguous code. Documents containing excerpts of or references to SOURCE CODE must be designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."   The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3)

11

otherwise necessary for the preparation of its case.   Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

## VIII.        ACCESS TO AND USE OF PROTECTED MATERIAL

8.1.   <u>Basic Principles</u>.   Except as expressly permitted by Section 19, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 18 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2.   <u>Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and "HIGHLY CONFIDENTIAL – SOURCE CODE"</u>.   Protected Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to:

**1.**     the Receiving Party's Outside Counsel of Record, their staff, and their commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services;

**2.**     any person who (a) appears on the face of the Protected Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as an author, addressee, or recipient thereof, or (b) is a witness during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that such person authored or received the Protected Material marked "OUTSIDE ATTORNEYS'

EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" prior to its production or disclosure in this Litigation;

3.      the Court, its technical advisor, its personnel, and the jury in this Litigation;

4.      court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

5.      subject to Section 8, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

6.      persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order; and

7.      persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, or Professional Vendors provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.

8.3.    <u>Disclosure of "CONFIDENTIAL INFORMATION"</u>.  Protected Material marked "CONFIDENTIAL INFORMATION" may be disclosed only to:

1.      any employee of the Producing Party;

**2.**       any former counsel or employee of the Producing Party who was involved with the matters to which the "CONFIDENTIAL INFORMATION" relates or refers;

**3.**       any person who authored or received the "CONFIDENTIAL INFORMATION" prior to its production or disclosure in this Litigation;

**4.**       the Court, its technical advisor, its personnel, and the jury in this Litigation;

**5.**       the Receiving Party's Outside Counsel of Record, their staff, and their commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services;

**6.**       no more than three (3) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the undertaking attached as EXHIBIT A agreeing to be bound by the terms of this Order;

**7.**       court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

**8.**       subject to Section 9, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

**9.**       persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

10.     mock jurors or focus group members, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order; and

11.     persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, or Professional Vendors provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.

## IX.     CONDITIONS ON ACCESS TO PROTECTED MATERIAL

9.1.     <u>Consultants and Experts</u>.  Prior to a Receiving Party giving, showing, disclosing, making available or communicating Protected Material to any expert or consultant under Section 8, the Receiving Party shall serve a written notice on the Producing Party that includes: (i) the person's name and business address; (ii) the person's present employer and title (along with   a job description); (iii) the person's up-to-date curriculum vitae or resume; (iv) a list of the cases in which the person has testified at deposition or trial and all companies with which the person has consulted or by which the person has been employed for the past five years; and (v) any previous or current relationship (personal or professional) with any of the Parties.   If the up-to-date curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.   The Receiving Party shall include with such notice, a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order.

9.2.     <u>Objections to Proposed Consultants and Experts</u>.   The Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order executed by such expert or consultant, by stating specifically in writing the reasons why such expert or consultant should not receive the Protected Material.   Outside Counsel of Record for the Producing Party and Outside Counsel of

Record for the Receiving Party shall meet and confer within three (3) business days after the Producing Party serves its objection, for the purpose of attempting to resolve the objection. If the objection is not resolved by the Parties, the Producing Party must file and serve a motion to prevent disclosure within seven (7) business days after such meet and confer. Otherwise, the Producing Party shall be deemed to have withdrawn its objection. In any motion before the Court, the Producing Party shall set forth the Parties' meet and confer efforts and shall bear the burden of showing the need for confidentiality and the grounds for its objection. No disclosure of Protected Material shall be made to the proposed expert or consultant until the Parties resolve the matter, the objection is withdrawn, or the Court permits such disclosure. The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

9.3. <u>Authorization and Acknowledgment</u>. To the extent required by Section 8, each person authorized to receive Designated Material under this Order (excluding Judges, Magistrate Judges, judicial law clerks, and clerical personnel of the Court before which this Litigation is pending or qualified court reporters, as well as third party contractors and their employees involved solely in document management, delivery or copying services for this Litigation) to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to this Order, that the person is authorized under Section 8 to receive Designated Material marked as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that the person has read this Order, that such person agrees to comply with, and be bound by, this

Order, and that such person is aware that contempt sanctions may be entered for violation of this Order.

## X.      PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

If it becomes necessary for a Receiving Party's Outside Counsel of Record to seek the assistance of any person, other than those persons referred to in Section 8, and to disclose Protected Material to such person to properly prepare this Litigation for trial, the following procedures shall be employed:

(a)      Outside Counsel of Record for the Receiving Party shall notify, in writing, Outside Counsel of Record for the Producing Party, identifying therein the specific Protected Material to be disclosed and the name, address and position (along with a job description) of the person(s) to whom such disclosure is to be made;

(b)      If no objection to such disclosure is made by Outside Counsel of Record for the Producing Party within seven (7) business days of such notification, Outside Counsel of Record for the Receiving Party shall be free to make such disclosure to the designated person(s) consistent with this Order; provided, however, that Outside Counsel of Record for the Receiving Party shall serve upon Outside Counsel of Record for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form attached as EXHIBIT A, whereby such person agrees to comply with and be bound by this Order;

(c)      If, within five (5) business days, the Outside Counsel of Record for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon a regularly noticed motion brought by the Receiving Party.  Before filing such a motion, outside counsel for the Receiving Party shall meet and confer with Outside Counsel of Record for the Producing Party in a good faith effort to resolve their differences; and

(d) Any Party moving for such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested

disclosure.

## XI.     PROSECUTION BAR

11.1.     <u>Application of Prosecution Bar</u>.   Absent written consent from the Producing Party, any attorney, patent agent, expert, or consultant of, for, or representing the Receiving Party who gains access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be involved in the prosecution of patents or patent applications relating to DNA sequencing equipment and technology, including without limitation the patent asserted in this Litigation and any patent or application claiming priority to or otherwise related to the patents asserted in this Litigation, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). This prosecution bar is personal to the person who has gained access to such "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall not be imputed to any other person or entity.   For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims on behalf of the patent owner (for example, original prosecution, reissue and reexamination proceedings).

11.2.     <u>Permitted Activities</u>.   Thus, the term "prosecution" as used in this paragraph does not encompass the following activities:

1.     Preparing a patent owner's declarants—including the inventors—for depositions in any proceeding challenging the validity of any patents asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

2.     Taking depositions of an accused infringer's declarants in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

3.     Reviewing the inventors' documents relating to conception and reduction

to practice of their invention;

4.    Discussing, with employees of a patent holder and inventors, discovery in, and the status of, any proceedings challenging the validity of any of that party's patents asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

5.    Discussing discovery in, and the status of, proceedings challenging the validity of the Asserted Patents with the patent holder's post-grant counsel;

6.    Discussing responses to the arguments advanced by the party attacking the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

7.    Drafting patent owner's response and patent owner's preliminary response to any petition challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates; or

8.    Drafting declarations in support of patent owner's response to any petition challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates.

To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, or inter partes review).

11.3.    <u>Prohibited Activities</u>.   On the other hand, the term "prosecution" as used in this paragraph does encompass the following activities:

1.    Drafting any claim amendments to be proposed in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

19

2.      Providing advice on the direction that claims should take in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates; and

3.      Discussing potential claim amendments with counsel in connection with any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates.

11.4.    <u>Duration</u>.   This Prosecution Bar shall begin when access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" is first received by the affected individual and shall end two (2) years after final termination of this Litigation.

## XII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)     promptly notify in writing the Designating Party.   Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

20

"OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XIII.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party

21

may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XIV.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment of Protective Order" that is attached hereto as EXHIBIT A.

## XV.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE   PROTECTED MATERIAL

Counsel shall exert their best efforts to identify information (including documents or material) protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity prior to the disclosure of any such documents or material. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.

If a Producing Party unintentionally or inadvertently discloses information that it believes is protected privileged or otherwise immune from discovery, the Party shall, within seven (7) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the information be returned. If that request is made, no Party to this Litigation shall thereafter

assert on this basis that the disclosure waived any privilege or immunity.   If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, and not later than three (3) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction under (3) above of all copies of the information not returned to the Producing Party.   No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived.   The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party.   Notwithstanding this provision, no Party or its Outside Counsel of Record shall be required to return or destroy any information that may exist on any disaster recovery backup system.

The Receiving Party may file a motion to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Litigation.   Any such motion shall not disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way.   The parties expressly acknowledge that documents which are inadvertently produced cannot be sequestered by a receiving party for submission to the Court.   Outside Counsel of Record for the Producing Party and Outside Counsel of Record for the Receiving Party shall meet and confer in

23

accordance with applicable law or Court rules regarding any such motion to compel.

To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material. Upon a request for return of the inadvertently produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material pending determination of the privilege status of the inadvertently produced material pursuant to this Order and all applicable laws and rules.

## XVI.   PROCEDURE REGARDING HIPAA-PROTECTED INFORMATION

This Order is intended to comply with the HIPAA requirements of 45 CFR § 164.512(e)(1)(v).   A Producing Party is entitled to redact information that constitutes, embodies, or reflects "protected health information" under HIPAA from documents and material produced in this Litigation.   Alternatively, a Producing Party may produce such documents or material in unredacted form by designating the document or material as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" in accordance with the provisions of this Order, and the Receiving Party shall treat all such "protected health information" accordingly. If a Party uses Protected Material containing "protected health information" in an expert report or at deposition, trial, or any motion or other presentation in or to the Court, the Party using such Protected Material shall redact the "protected health information" from such Protected Material.

## XVII.   MISCELLANEOUS

17.1.      Right to Further Relief.   Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

17.2.      Rights to Assert Other Objections.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.   Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

17.3.    <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Rule of Practice and Procedure 5.1.3.

## XVIII. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## XIX.    OTHER PROCEEDINGS

The Protected Material governed by this Order may be used in the parties' U.S. litigation involving allegations of infringement and/or challenging invalidity of United States patent, including for example *Illumina v. BGI*, No. 19-3770-WHO (N.D. Cal.), subject to the terms of the protective order entered in that action, but not for example *In re Application of Illumina Cambridge, Ltd.,* MC 19-80215-WHO.  By entering this Order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.   Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's Protected Material pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed, as noted above in Section 12.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | ASHBY & GEDDES |
| */s/ Adam W. Poff* | */s/ Steven J. Balick* |
| Adam W. Poff (#3990) | Steven J. Balick (#2114) |
| Pilar G. Kraman (#5199) | Andrew C. Mayo (#5207) |
| 1000 North King Street | 500 Delaware Avenue |
| Wilmington, DE 19801 | 8th Floor |
| (302) 571-6600 | P.O. Box 1150 |
| | Wilmington, DE   19899 |
| *Attorneys for Plaintiff-Counterclaim-Defendants* | (302) 654-1888 |
| | sbalick@ashby-geddes.com |
| | amayo@ashby-geddes.com |
| OF COUNSEL: | |
| | *Attorneys for Defendant-Counterclaim-Plaintiffs* |
| David Bilsker | |
| Ziyong Li | OF COUNSEL: |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | |
| 50 California Street, 22nd Floor | Edward R. Reines |
| San Francisco, CA 94111 | Derek C. Walter |
| | Christopher S. Lavin |
| Anne S. Toker | WEIL, GOTSHAL & MANGES LLP |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | 201 Redwood Shores Parkway, CA 94065 |
| 51 Madison Avenue, 22nd Floor | (650) 802-3000 |
| New York, NY 10010 | |
| | Stephen Bosco |
| Sandra L. Haberny | WEIL, GOTSHAL & MANGES LLP |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | 2001 M Street Suite 600 |
| 865 S. Figueroa St., 10th Floor | Washington, DC 20036 |
| Los Angeles, CA 90017 | (202) 682-7000 |

SO ORDERED this  8th  day of October, 2019.

_Maryellen Noreika_

The Honorable Maryellen Noreika
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMPLETE GENOMICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 19-970-MN |
| | ) | |
| v. | ) | Hon. Maryellen Noreika |
| | ) | |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ———————————————— | ) | |
| ILLUMINA, INC. and | ) | |
| ILLUMINA CAMBRIDGE LTD., | ) | |
| | ) | |
| Counterclaim-Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMPLETE GENOMICS, INC., | ) | |
| BGI AMERICAS CORP., and | ) | |
| MGI AMERICAS INC., | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |
| | ) | |

I, _____, state that:

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

1

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20____.

Signature:          _____

Typed/Printed Name: _____

2

**EXHIBIT B**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMPLETE GENOMICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 19-970-MN |
| | ) | |
| v. | ) | |
| | ) | Hon. Maryellen Noreika |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | | |
| ILLUMINA, INC. and | ) | |
| ILLUMINA CAMBRIDGE LTD., | ) | |
| | ) | |
| Counterclaim-Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMPLETE GENOMICS, INC., | ) | |
| BGI AMERICAS CORP., and | ) | |
| MGI AMERICAS INC., | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |
| | ) | |

1.      This agreement is made between:

_____ [NAME OF COUNSEL or CONSULTANT]

and _____ [NAME OF PARTICIPANT], residing

at

_____

[ADDRESS OF PARTICIPANT].

1

2.      I understand that, in connection with the research project in which I am participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this research group.

3.      I agree not to disclose any information I learn here today to anyone outside of this research group, or to not use such information in any way outside of my participation in this research project today.

4.      I agree that, at the end of the research project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about those documents or other materials shown to me today.

Signed:     _____

Name:       _____

Date:        _____