IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMPLETE GENOMICS, INC., <br><br> Plaintiff, <br> v. <br><br> ILLUMINA, INC., <br><br> Defendant. <br><br> ILLUMINA, INC. and <br> ILLUMINA CAMBRIDGE LTD., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> COMPLETE GENOMICS, INC. <br> BGI AMERICAS CORP., and <br> MGI AMERICAS INC., <br><br> Counterclaim-Defendants. | C.A. No. 19-970-MN |

**JUDGMENT FOLLOWING JURY VERDICT**

This 23rd day of May 2022, the Court having held a jury trial and the jury having rendered a unanimous verdict on May 6, 2022 (*see* D.I. 407), pursuant to Rule 58(b) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. Judgment is entered in favor of Plaintiff Complete Genomics, Inc. ("Plaintiff") and against Defendant Illumina, Inc. ("Defendant") that Defendant directly infringes, induces infringement and contributes to the infringement of claims 1, 2, 3, and 4 of U.S. Patent No. 9,222,132 ("the '132 patent") and claims 1, 2, 3 and 5 of U.S. Patent No. 10,662,473 ("the '473 patent");

2. Judgment is entered in favor of Plaintiff and against Defendant that Defendant's infringement was willful;

3. Judgment is entered in favor of Plaintiff that Defendant has not shown invalidity for anticipation by prior invention for claims 1, 2, 3 and 4 of the '132 patent and 1, 2, and 3 of the '473 patent;

4. Judgment is entered in favor of Plaintiff that Defendant has not shown invalidity for obviousness, lack of written description, or lack of enablement for claims 1, 2, 3 and 4 of the '132 patent and claims 1, 2, 3, and 5 of the '473 patent;

5. Judgment is entered in favor of Plaintiff and against Defendant for damages in the amount of $333,801,990 for Defendant's infringement;

6. Judgment is entered in favor of Counterclaim Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. ("Counterclaim Plaintiffs") and against Counterclaim Defendants Complete Genomics, Inc., BGI Americas Corp., and MGI Americas Inc. ("Counterclaim Defendants") that Counterclaim Defendants directly infringed claims 1, 6, and 14 of U.S. Patent No. 9,217,178 ("the '178 patent"), and claims 1, 7, and 15 of U.S. Patent No. 9,303,290 ("the '290 patent");

7. Judgment is entered in favor of Counterclaim Defendants and against Counterclaim Plaintiffs that Counterclaim Defendants did not induce infringement or contribute to the infringement of claims 1, 6, and 14 of the '178 patent and claims 1, 7, and 15 of the '290 patent;

8. Judgment is entered in favor of Counterclaim Defendants and against Counterclaim Plaintiffs that Counterclaim Defendants did not directly infringe, induce infringement, or contribute to the infringement of claims 1, 2, and 17 of U.S. Patent No. 9,970,055

("the '055 patent");

9. Judgment is entered in favor of Counterclaim Defendants and against Counterclaim Plaintiffs that claims 1, 6, and 14 of the '178 patent, claims 1, 7, and 15 of the '290 patent, and claims 1, 2, and 17 of the '055 patent are invalid as obvious; and

10. Judgment is entered in favor of Counterclaim Defendants and against Counterclaim Plaintiffs that claim 1 of the '290 patent and claims 1 and 2 of the '055 patent are invalid as anticipated by written prior art.

IT IS FURTHER ORDERED that this Judgment shall have the effect of denying as moot all other motions made by the parties pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

IT IS STILL FURTHER ORDERED that the deadline for any party to move for costs and attorneys' fees (including under 35 U.S.C. § 285) is extended to within fourteen (14) days after the time for appeal has expired or within fourteen (14) days after issuance of the mandate from the appellate court, and no party shall file any such motion before that time.

_____
The Honorable Maryellen Noreika
United States District Judge